**Angel BACILIO–GUTIERREZ; Luz Maria Medrano; Oscar Demian Martinez–Medrano, Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

Nos. 03–72651.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 4, 2004.

Decided Jan. 26, 2005.

---

of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *United States v. Kellington,* 217 F.3d 1084, 1097 (9th Cir.2000).

2. *See Burks v. United States,* 437 U.S. 1, 16, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).

Leon Rosen, Law Offices of Amesbury & Schutt, Las Vegas, NV, for Petitioners.

Regional Counsel, Western Region, Laguna Niguel, Office of the District Counsel Department of Homeland Security, Las Vegas, NV, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Barry J. Pettinato, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, RYMER, and HAWKINS, Circuit Judges.

MEMORANDUM *

Angel Bacilio–Gutierrez and Luz Maria Medrano, husband and wife, and her minor son (his stepson) Oscar Demian Martinez–Medrano are natives and citizens of Mexico (hereinafter "petitioners"). Petitioners request review of an order of the Board of Immigration Appeals, which affirmed the denial of their applications for cancellation of removal under 8 U.S.C. § 1229b(b)(1). Petitioners claim a denial of due process of law because they were not required by the Immigration Judge to state explicitly whether they desired representation as required by 8 C.F.R. § 1240.10(a)(1).

We grant the petition for review and reverse. The Immigration Judge did not satisfy the explicit requirement that a party in a removal proceeding "state then and

there whether he or she desires representation." Id. Although the Immigration Judge demonstrated a highly conscientious regard for the petitioners' rights throughout the previous proceedings, the Immigration Judge failed to comply with the regulations at the final hearing on the merits. Assuming that prejudice is required, we find prejudice because, with the assistance of counsel, the petitioners may be able to demonstrate eligibility for cancellation of removal under 8 U.S.C. § 1229b(b)(1). *See Baltazar–Alcazar v. INS,* 386 F.3d 940, 947–48 (9th Cir.2004).

Because we find that petitioners' right to counsel in a removal proceeding has been violated, we grant the petition for review, reverse the order of the Board, and remand for further proceedings consistent with this memorandum.

**PETITION FOR REVIEW GRANTED; REVERSED AND REMANDED.**

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.